IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| ) | |
| Plaintiff,        ) | |
| ) | |
| vs.        ) | Case No.: 12-cr-40094-JPG |
| ) | |
| MARTY C. STACY,        ) | |
| ) | |
| Defendant.        ) | |

**<u>ORDER</u>**

This matter comes before the Court on defendant Marty C. Stacy's *pro se* motion to withdraw his motion to suppress (Doc. 68) and *pro se* motion for copies (Doc. 69). Stacy filed these motions *pro se*, although he is represented by attorney Ronald E. Jenkins. A defendant does not have a right to file his own motions when he is represented by counsel. *See Hayes v. Hawes*, 921 F.2d 100, 102 (7th Cir. 1990) (*per curiam*). "Representation by counsel and self-representation are mutually exclusive." *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992). So-called "hybrid representation" confuses and extends matters at trial and in other proceedings and, therefore, it is forbidden. *See United States v. Oreye*, 263 F.3d 669, 672-73 (7th Cir. 2001). The Court may strike as improper any such *pro se* motions. *See, e.g., United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998). The Court hereby **ORDERS** that Stacy's motions (Docs. 68 & 69) **STRICKEN**.

This is not the first time Stacy has filed a *pro* se motion while he is represented by counsel (Docs. 65 & 66). The Court struck Stacy's prior *pro se* filings and explained to him he cannot file motions when he is represented by counsel (Doc. 67). The Court **WARNS** Stacy that if he continues to make further *pro se* filings while he is represented by counsel, the Court will instruct the Clerk of Court to refuse to accept them for filing.

**IT IS SO ORDERED**
**DATE:  April 22, 2013**

                                                                s/J. Phil Gilbert
                                                                **J. Phil Gilbert, District Judge**