UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

MARTY C. STACY,

    Defendant.

Case No. 12-cr-40094-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court for case management purposes. At the final pretrial conference on May 8, 2013, the Court denied defendant Marty C. Stacy's *pro se* oral motion to dismiss for violation of the Speedy Trial Act, 18 U.S.C. § 3161. That denial was based on the following relevant findings[1]:

- The speedy trial clock began to run on September 10, 2012, when Stacy first appeared before a judicial officer to be arraigned on the Indictment. *See* 18 U.S.C. § 3161(c)(1);

- The period from September 10, 2012, when the Government filed a motion to detain (Doc. 5) to September 13, 2012, when the Court granted the motion (Doc. 14) is excludable under 18 U.S.C. § 3161(h)(1)(F) for delay resulting from a pretrial motion. *See, e.g., United States v. Parker*, 508 F.3d 434, 439 (7th Cir. 2007);

- November 1, 2012, the date Stacy appeared in Court for a final pretrial conference, is excludable under 18 U.S.C. § 3161(h)(1) as an "other proceeding[] concerning the defendant";

- The period from November 14, 2012, when Stacy filed a motion for leave to file pretrial

---

[1] Some days during the noted excludable periods are also excludable for different reasons. However, since those days are already excluded for the stated reasons, the Court declines to set forth an exhaustive list of every justification for exclusion.

motions out of time (Doc. 17), to November 21, 2012, when the Court granted the motion (Doc. 18) is excludable under 18 U.S.C. § 3161(h)(1)(F) for delay resulting from a pretrial motion;

- The period from November 23, 2012, when Stacy filed numerous pretrial motions (Docs. 19, 20, 21, 22, 23, 24, 25 & 26), to February 13, 2013, thirty days after January 14, 2013, the last day for Stacy to reply to the Governments' responses to several of his motions, is excludable under 18 U.S.C. § 3161(h)(1)(F) for delay resulting from pretrial motions. Pursuant to 18 U.S.C. § 3161(h)(1)(H), the excludable period ends thirty days after the Court took several of the motions under advisement at the conclusion of the briefing period on January 15, 2013.  *Henderson v. United States*, 476 U.S. 321, 329-31 (1986);

- The period from November 26, 2012, when Stacy filed a motion to continue the trial (Doc. 27), to November 27, 2012, when the Court granted the motion (Doc. 28) is excludable under 18 U.S.C. § 3161(h)(1)(F) for delay resulting from a pretrial motion;

- The period from November 27, 2012, when the Court granted Stacy's motion to continue due to defense counsel's unavailability for trial (Doc. 28), to February 4, 2013, the new trial date, is excludable under 18 U.S.C. § 3161(h)(7)(A) for a continuance where the ends of justice outweigh the best interest of the public and the defendant in a speedy trial;

- The period from January 23, 2013, when the Court granted Stacy's motion to continue (Doc. 52) due to defense counsel's unavoidable delay in preparing for trial and the need to arraign Stacy on the Superseding Indictment (Doc. 53), to March 18, 2013, the new trial date, is excludable under 18 U.S.C. § 3161(h)(7)(A) for a continuance where the ends of justice outweigh the best interest of the public and the defendant in a speedy trial;

- The period from February 28, 2013, when the Court granted a continuance due to the

withdrawal of defense counsel, the forthcoming appointment of new defense counsel and the need for new counsel to have time to adequately prepare for trial (Doc. 55), to April 8, 2013, the new trial date, is excludable under 18 U.S.C. § 3161(h)(7)(A) for a continuance where the ends of justice outweigh the best interest of the public and the defendant in a speedy trial;

- The period from March 21, 2013, when the Court granted Stacy's oral motion to continue due to defense counsel's need for time to prepare and file a motion to suppress and to otherwise prepare for trial (Doc. 60), to May 28, 2013, the new trial date, is excludable under 18 U.S.C. § 3161(h)(7)(A) for a continuance where the ends of justice outweigh the best interest of the public and the defendant in a speedy trial;

- The period from March 26, 2013, when Stacy filed a motion to suppress (Doc. 61), to May 8, 2013, when the motion was resolved (Doc. 74) is excludable under 18 U.S.C. § 3161(h)(1)(F) for delay resulting from a pretrial motion;

- The speedy trial clock was not tolled for the following days:   September 14, 2012 to October 31, 2012 (48 days); November 2, 2012 to November 13, 2012 (12 days); and November 22, 2012 (1 day);

- As of May 8, 2013, the date Stacy made his *pro se* oral motion to dismiss on speedy trial grounds, total of 61 days had run on the 70-day speedy trial clock.[2]

**IT IS SO ORDERED.**
**DATED:   May 10, 2013**

                            s/J. Phil Gilbert
                            **J. PHIL GILBERT**
                            **U.S. DISTRICT JUDGE**

---

[2] At the final pretrial conference on May 8, 2013, the Court stated that 62 days had run.   Upon further examination, the Court realizes that only 61 days had actually run.