UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARTY C. STACY,<br><br>    Defendant. | Case No. 12-cr-40094-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Marty C. Stacy's motion for a free copy of the transcript of the closing arguments in his criminal trial (Doc. 142) and motion for leave to proceed *in forma pauperis* (Doc. 143). He claims he needs this transcript to prepare a motion under 28 U.S.C. § 2255.

A prisoner seeking to bring a collateral attack who does not have the assistance of counsel has a right to reasonable access to existing filed in his underlying case. *See Rush v. United States*, 559 F.2d 455 (7th Cir. 1977). But before providing copies free of charge or otherwise making portions of the record available to a prisoner, a district court may require that the requestor: (1) show that he is unable to pay for copies (*i.e.*, through a certified record of his prison account), (2) show that he has exhausted *all* other means of access to his files (*i.e.*, through his trial or appellate counsel), and (3) make some showing as to the purpose for which the requested documents are sought. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19, n. 4 (7th Cir. 1980).

Stacy has not shown that he is unable to pay for a copy of the transcript he seeks. The transcript of the closing arguments in Stacy's case is 21 pages long. At $0.50 per page, the rate charged by the Clerk's Office, the requested transcript would cost $10.50. Stacy has included a

statement of the current balance of his trust fund account, but he has not included a copy of his inmate trust fund statement for the past six months. The Court needs this six-month statement to assess whether his indigency is temporary or ongoing.

Stacy has also not shown he has exhausted all other means of access to the transcript, such as from his trial or appellate counsel.

Finally, Stacy has not demonstrated why he needs the transcript of his closing arguments to prepare a § 2255 motion, which is not currently on file. A vague statement that he needs it to file a § 2255 motion is insufficient without an explanation of what might be in the transcript that is necessary to prepare the motion.

For these reasons, the Court **DENIES without prejudice** Stacy's motion for transcripts (Doc. 142) and motion for leave to proceed *in forma pauperis* (Doc. 143).

**IT IS SO ORDERED.**
**DATED:   September 15, 2015**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **U.S. DISTRICT JUDGE**