IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MARTY C. STACY,

    Defendant.

Case No. 12-cr-40094-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Marty C. Stacy's motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 148). The Government has responded to the motion (Doc. 153).

In June 2013, Stacy was convicted by a jury of one count of conspiracy to manufacture more than 50 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) (Count 1) and four counts of possession of pseudoephedrine knowing it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2) (Count 2-5). The Government also filed an information under 21 U.S.C. § 851 indicating it would rely on four prior felony drug convictions for methamphetamine activity to seek enhanced statutory penalties under 21 U.S.C. § 841(b)(1)(B).

At sentencing, the Court found by a preponderance of the evidence that Stacy's relevant conduct was 3,269.8 kilograms of marihuana equivalents (now referred to as converted drug weight), which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 34. The Court also

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2012 United States Sentencing Guidelines Manual.

found by a preponderance of the evidence that Stacy used a minor in committing the crime and that his offense level should therefore be increased by two points under U.S.S.G. § 3B1.4, yielding a total offense level of 36. Considering Stacy's criminal history category of VI, this yielded a sentencing range of 324 to 405 months in prison on Count 1 and no more than 240 months on Counts 2-5. The Court sentenced Stacy to serve 336 months in prison on Count 1 and 240 months each on Counts 2-5, all to be served concurrently. These were all within the applicable statutory sentencing ranges: 10 years to life for Count 1, *see* 21 U.S.C. §§ 841(b)(1)(B) & 851, and not more than 20 years for Counts 2-5, *see* 21 U.S.C. § 841(c). Stacy appealed, and the Court of Appeals for the Seventh Circuit affirmed his sentence. *United States v. Stacy*, 769 F.3d 969 (7th Cir. 2014). Stacy now asks the Court to apply Amendment 782 to U.S.S.G. § 2D1.1 to lower his sentence on Count 1.[1]

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court cannot grant the reduction request. *See United States v. Taylor*, 778 F.3d 667, 762 (7th Cir. 2015).

---

[1] Stacy's sentences on Counts 2-5 are already below the new guideline range.

## I. Reduced Guideline Range

Stacy satisfies the first criterion for a sentence reduction because he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 782 amended U.S.S.G. § 2D1.1(c) after Stacy's sentencing to lower his base offense level from 34 to 32 and his total offense level from 36 to 34, which also lowered his sentencing range to 262 to 327 months in prison.

## II. Consistency with Policy Statements

He also satisfies the second criterion because allowing a reduction is consistent with the applicable policy statements. The Sentencing Commission's policy statement governing sentence reductions following guideline amendments is contained in U.S.S.G. § 1B1.10. That section provides that the guideline range reduction contained in Amendment 782 may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences with certain limitations. U.S.S.G. § 1B1.10(a)(1) & (c). Thus, the Court now has discretion under 18 U.S.C. § 3582(c)(2) to reduce the sentences of some defendants sentenced for drug offenses. No part of U.S.S.G. § 1B1.10 is inconsistent with granting Stacy a sentence reduction.

## III. Exercise of Discretion

Stacy asks the Court for a reduction to a sentence of 274 months on Count 1, which is an equivalent amount above the low end of the new guideline range as his current sentence is above the low end of the original guideline range. The Government agrees that Stacy is eligible for a sentence reduction, but it urges the Court not to grant a reduction or, in the alternative, to reduce the sentence on Count 1 only to 327 months, the top of the new guideline range. It argues that Stacy's history of crimes and other bad acts is lengthy and pervasive and includes much conduct

3

for which he did not earn criminal history points. It also points to his prison disciplinary history, which includes a conviction for fighting with another person. It argues a long prison term remains necessary to protect the public from Stacy's future crimes.

The Court has discretion whether to grant a reduction after considering the relevant factors in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3582(c)(2), public safety, and Stacy's post-sentencing conduct. *See* U.S.S.G. § 1B1.10, note 1(B). The Court's explanation of the § 3553(a) factors at Stacy's sentencing continues to apply today. Those factors led the Court to impose a mid-range sentence toward the lower end of the guideline range, and for the same reasons they now lead the Court to reduce Stacy's sentence to another mid-range sentence, but this time closer to the higher end of the reduced guideline range—300 months.

The Court lowers Stacy's sentence to within his new guideline range and finds a 300-month sentence is sufficient but not more than necessary to achieve the purposes of sentencing. Stacy committed numerous serious crimes for which he received no criminal history points and which, even if they had contributed points, could not have raised his criminal history any higher—he was already at the maximum of category VI. Even today, the Court believes, as it said at sentencing, that Stacy's criminal history is among the worse it has ever seen. His current convictions simply continue that pattern of lawlessness. In light of this substantial and lengthy history of crimes and other bad behavior, the Court believes Stacy still needs to serve a substantial sentence to protect the public from his future crimes and to promote respect for the law. Additionally, although he has had few disciplinary infractions in prison, one was serious—for fighting with another person. Anything short of 300 months would undermine the gravity of the very serious offenses in this case, the capstone of his lifetime of crime. A sentence of 300 months on Count 1 is appropriate; the 240-month sentence on Counts 2-5 remain in place.

**IV.     Conclusion**

For the foregoing reasons, the Court **GRANTS** Stacy's motion for a reduction of his criminal sentence on Count 1 to 300 months pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 (Doc. 148).   The Court will enter a separate order of reduction in the Court's standard format.   In light of this ruling, Stacy's *pro se* motion for a sentence reduction (Doc. 146) is **DENIED as moot**.

**IT IS SO ORDERED.**
**DATED:   July 8, 2021**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**